**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| KELLY ANTEKEIER,  Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:17-cv-786 |
| LABORATORY CORPORATION OF AMERICA,  Defendant. | ) ) ) ) |

**MEMORANDUM OPINION**

On May 15, 2018, the jury in this Family and Medical Leave Act (FMLA)[1] retaliation case returned a verdict in favor of plaintiff, Kelly Antekeier, awarding her $233,730.28 in damages. At issue post-trial are the following questions:

(i) whether plaintiff is entitled to an award of liquidated damages;

(ii) whether plaintiff is entitled to front-pay;

(iii) whether the jury award should be reduced to a nominal amount because of plaintiff's alleged failure to mitigate damages; and

(iv) whether plaintiff is entitled to prejudgment interest, and if so, at what rate?

These questions have been fully briefed, and are now ripe for disposition.

**I.**

The FMLA provides that an employee "shall" recover "an additional amount of liquidated damages equal to" lost wages and interest. 29 U.S.C. § 2617(a)(1)(A)(iii). In light of this statutory mandate, the Fourth Circuit has held that "[n]ormally, liquidated damages are awarded automatically under the statute." *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 302 (4th Cir. 2009).

---

[1] 29 U.S.C. § 2601 *et seq.*

Yet, it is clear that Congress did not intend that liquidated damages be awarded automatically in every FMLA case. The FMLA provides that if an employer "proves to the satisfaction of the *court*" that the violation of the FMLA "'was in good faith *and* that the employer had reasonable grounds for believing that the act or omission was not a violation,' [of the FMLA] the court, in its discretion, may choose not to award liquidated damages." *Id.* (quoting 29 U.S.C. § 2617(a)(1)(A)(iii)) (emphasis added). In this regard, the employer bears a "'plain and substantial burden' to persuade the court that its failure was in good faith and that it would be unfair to impose liquidated damages." *Id.* (quoting *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997)). Thus, these provisions make clear that Congress contemplated that judges would have a role in determining whether liquidated damages were appropriate in a given FMLA case.[2] Indeed, courts have taken up this mandate and have refused to award liquidated damages in FMLA cases on a number of grounds. *See, e.g.*, *Hoge v. Honda of America Mfg., Inc.*, 384 F.3d 238, 251 (6th Cir. 2004) (affirming a district court's denial of liquidated damages where the district court found that the employer had made a good faith to ascertain its duty under the FMLA to reinstate an employee).[3]

---

[2] A number of courts have noted that the FMLA's provisions, including its remedial provisions, are modeled on the Fair Labor Standards Act (FLSA). *See Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 459–60 (4th Cir.2007) (analogizing FMLA claims to Fair Labor Standards Act claims); *Arban v. West Pub. Corp.*, 345 F.3d 390, 407 (6th Cir. 2003) (noting that courts look to the FLSA in construing the FMLA because the FLSA contains similar remedial provisions); *see also Frizzell v. Southwest Motor Freight*, 154 F.3d 641, 644 ("the legislative history of the FMLA reveals that Congress intended the remedial provisions of the FMLA to mirror those in the FLSA"); *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 417-18 (3d Cir. 2012) (noting that the FMLA's definition of employer largely mirrors the FLSA); *Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006) (same); *Wascura v. Carver*, 169 F.3d 683, 685–86 (11th Cir.1999) (same). The Supreme Court has held that liquidated damages under the FLSA are compensatory, rather than punitive, *see Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945), and presumably so too are the liquidated damages under the FMLA. In light of these cases and past precedent, Congress or the Supreme Court may wish to clarify whether liquidated damages under the FMLA are intended to be compensatory or punitive.

[3] *See also Thorson v. Gemini, Inc.*, 205 F.3d 370, 383 (8th Cir. 2000) (affirming a district court's denial of liquidated damages where the district court found that the employer had made efforts to understand and comply with the FMLA, and that the law surrounding eligibility for leave was unsettled); *Dillon v. Maryland-National Capital Park & Planning Comm'n*, 258 Fed. Appx. 577, 579 (4th Cir. 2007) (unpublished) (affirming a district court's denial of

This judicial role in determining whether to award liquidated damages in an FMLA case is circumscribed by an important and well-established rule, namely that the judge's factual basis for awarding liquidated damages cannot contradict the factual findings of the jury in deciding the equitable issues in a case. *Arban v. West Pub. Corp.*, 345 F.3d 390, 408 (6th Cir. 2003) (applying the requirement that a judge's factual findings not contradict the jury's factual findings to the liquidated damages determination in an FMLA retaliation claim). Indeed, courts have consistently held that "whe[re] legal and equitable issues to be decided in the same case depend on common determinations of fact, such questions of fact are submitted to the jury, and the court in resolving the equitable issues is then bound by the jury's findings on them." *Id.* at 408 (quoting *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 965 (10th Cir. 2002)).[4]

The Sixth Circuit's decision in *Arban* is particularly instructive here. In *Arban*, the district court denied plaintiff's request for liquidated damages in an FMLA retaliation case because the district court found, contrary to the jury verdict, that the employer's decision to terminate plaintiff was motivated by plaintiff's misconduct and not by plaintiff taking FMLA leave. *Id.* The Sixth Circuit reversed and required the district court to award liquidated damages. In reaching this conclusion, the Sixth Circuit noted that juries are presumed to follow the judge's instructions, and that as such the jury had been required to make a factual determination that the employer had terminated plaintiff for taking medical leave. *Id.* Thus, the Sixth Circuit concluded that the "district court disregarded the jury's finding – that [the

---

liquidated damages where the district court found that the employer was unsure whether employee was properly covered by the FMLA and where the employer took steps to clarify coverage).

[4] *See also Smith*, 298 F.3d at 965 (holding that although a "judge has authority to determine front pay" in an FMLA case, a judge must "take into account the binding effect of [a] jury's findings" when deciding the amount of front pay); *Ag. Servs. of America, Inc. v. Nielsen*, 231 F.3d 726, 730 (10th Cir. 2000) (holding that where a case involves equitable and legal issues "the court is bound by the jury's determination of factual issues common to both the legal and equitable claims."); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959) (same); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962) (same).

employer's] decision to fire [plaintiff] was a result of his medical leave and not his misconduct – in considering the liquidated damages issue," and that the district court's factual finding contrary to the jury verdict was an abuse of discretion. *Id.*

With these cases and principles in mind, analysis now turns to the question whether defendant has presented evidence sufficient to carry its burden to demonstrate that plaintiff's termination "'was in good faith and that [defendant] had reasonable grounds for believing that the act or omission was not a violation,'" of the FMLA. *Dotson*, 558 F.3d at 302 (quoting 29 U.S.C. § 2617(a)(1)(A)(iii)). Here, defendant has not presented sufficient evidence to carry its burden. Simply put, in light of the jury verdict defendant had no reasonable grounds for believing that its termination of plaintiff was lawful, and there is no other basis in the record from which to conclude defendant acted in good faith by terminating plaintiff. The FMLA prohibits the use of FMLA protected activity or leave as a motivating factor in an employee's termination. *See* 29 C.F.R. § 825.220(c) (stating that "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions.").[5] Here, the jury concluded that a motivating factor in the decision to terminate plaintiff was plaintiff's taking of FMLA leave, and such a conclusion is inconsistent with a finding that defendant acted in good faith when it terminated plaintiff. Even assuming that defendant had other legitimate reasons for terminating plaintiff, and that plaintiff's FMLA leave was only one of a number of factors in defendant's decision to terminate plaintiff, that decision would still be unlawful, and defendant had no reasonable basis for concluding that terminating

---

[5] *See also Antekeier v. Laboratory Corp. of Am.*, ___ F. Supp. 3d ___ (E.D. Va. 2018) (holding that a motivating factor is the proper causation standard in FMLA retaliation cases); *Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 168 (2d Cir. 2017) (same); *Egan v. Delaware River Port Authority*, 851 F.3d 263, 272 (3d Cir. 2017) (same).

4

plaintiff, in part, for taking FMLA leave was not a violation of the law.[6] In sum, defendant has not borne its burden of establishing that it had a reasonable basis for believing that its termination of plaintiff was lawful. As such, liquidated damages are required.

This conclusion is also consistent with the Sixth Circuit's conclusion in *Arban*. Here, just as in *Arban*, a ruling for defendant on the liquidated damages issue would require factual findings that contradict the jury's findings of fact. A decision that defendant acted in good faith and with reasonable grounds to believe it had not violated the law would require a factual finding that plaintiff's leave was not a motivating factor in defendant's decision to terminate plaintiff. As described *supra*, such a conclusion is not possible given the jury's verdict, and accordingly liquidated damages must be awarded.

Seeking to avoid this conclusion, defendant cites the First Circuit's decision in *Pagan-Colon v. Walgreens of San Patricio, Inc.*, 697 F.3d 1 (1st Cir. 2012) for the proposition that a finding of good faith is consistent with a finding of FMLA retaliation. In *Pagan*, the First Circuit upheld the denial of liquidated damages in an FMLA retaliation case where the district court found (i) that a new manager had made a mistake in deciding to terminate an employee, (ii) that defendant's decisionmakers consulted with legal counsel throughout the termination and investigation process, (iii) that defendant had been genuinely confused about whether plaintiff's leave was legitimate, and (iv) that defendant reconsidered termination upon discovering its mistake and paid plaintiff while plaintiff was out on leave. *Id.* at 13. Importantly, however, the

---

[6] This is not to suggest that defendant did not present credible evidence that FMLA leave was not a motivating factor in its decision to terminate plaintiff. Defendant presented a number of its decisionmakers and employees as witnesses, and those witnesses were highly credible, telling a consistent story about plaintiff's termination that suggested that the reason for plaintiff's termination was her unprofessional behavior, not her FMLA protected activity. But even if a different factfinder may have reached a different conclusion about whether plaintiff's FMLA protected activity was a motivating factor in plaintiff's termination, the jury was entitled to reach the conclusion it reached in this case, and controlling law requires that courts respect the jury's judgment with respect to such factual questions. Accordingly, even though defendant presented credible evidence that its termination of plaintiff was not motivated by plaintiff's FMLA protected activity, the jury's factual finding with respect to defendant's motivations cannot be ignored in the decision whether liquidated damages are appropriate.

5

argument plaintiff makes here – namely that a denial of liquidated damages would be inconsistent with the jury verdict – was waived by the plaintiff in *Pagan*, and so the First Circuit did not consider whether an inconsistency between the jury's verdict and the district court's findings with respect to liquidated damages rendered the district court's denial of liquidated damages inappropriate. *Id.* (noting that plaintiff "never raise[d] the concern that the fact-finding necessary to deny liquidated damages [wa]s inconsistent with the jury's verdict."). Thus, the First Circuit's decision was based on the assumption that the jury's verdict and the district court's findings of fact were not in conflict, and as such the analysis in *Pagan* is not applicable here.

## II.

Under the FMLA, a plaintiff is entitled to "such equitable relief as may be appropriate, including employment, reinstatement, and promotion[.]" 29 U.S.C. § 2617(a)(1)(B). The FMLA does not explicitly identify front-pay as an equitable remedy, but the Fourth Circuit has recognized that front pay may be a proper form of relied as "an alternative and complement to reinstatement." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 307 (4th Cir. 2998). The decision whether to provide front pay is made by the trial court sitting in equity. *Id.* at 307 (citing *Duke v. Uniroyal*, 928 F.2d 1413, 1424 (4th Cir.1991)). The Fourth Circuit has cautioned, however, that trial courts "must 'temper' the use of front pay by recognizing 'the potential for windfall' to the plaintiff." *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 300 (4th Cir. 2009) (quoting *Duke*, 928 F.2d at 1424)).

In this case, nine years of front pay is not required to make plaintiff whole. There was no evidence at trial that plaintiff is now unable to work or that her ability to find employment will continue to be hindered. Indeed, plaintiff's non-compete agreement with defendant expired on

February 1, 2018, and so plaintiff is now free to look for work in her desired field. Not only that, but plaintiff is now equipped with a jury verdict finding that her termination by LabCorp was unlawful, and accordingly future employers will now have an explanation for plaintiff's termination that exonerates plaintiff, thereby removing another barrier to plaintiff's future attempts to seek employment. Furthermore, plaintiff has presented no evidence to support the award of front pay. Plaintiff asserts in her brief on damages that she would work until age 67, but no trial evidence supports that contention, and judicial notice of that fact is not appropriate. Plaintiff was a highly successful sales employee prior to her termination, and there is no reason to assume based on either her current age or the evidence at trial that plaintiff will remain unemployed until her retirement. As such, because the award of front pay would be wholly speculative, without a basis in evidence, and because it is unnecessary to ensure plaintiff is made whole, plaintiff's request for front pay must be denied.

### III.

Defendant argues that the jury's damages award should be stricken because plaintiff failed to produce evidence showing that plaintiff met her burden of mitigating damages. As already discussed at length in an Order addressing defendant's motion for judgment as a matter of law, the evidence at trial supports the jury's conclusion that plaintiff properly mitigated her damages. *See Antekeier v. Laboratory Corp. of Am.*, ___ F. Supp. 3d ___, *9 (E.D. Va. 2018). Plaintiff testified that she applied for 65 to 70 jobs over an eight month period, receiving two interviews. Plaintiff also testified that plaintiff was bound by a year-long non-compete clause in her contract, and that the non-compete clause prevented plaintiff from accepting some work. The jury concluded that these efforts were sufficient to satisfy plaintiff's obligation to mitigate damages, and defendant has cited no authority suggesting that this conclusion by the jury was

7

unreasonable. Therefore, defendant's request to strike the jury award in favor of a nominal damages award must be denied.

## IV.

The FMLA provides that an employer "shall be liable" for pre-judgment interest on the amount of "any wages, salary, employment benefits, or other compensation denied or last by reason of the [FMLA] violation." 29 U.S.C. § 2617(a)(1)(A)(i)-(ii); *see also Dotson v. Pfizer, Inc.*, 558 F.3d 284, 301 (4th Cir. 2009) (holding that "prejudgment interest on FMLA damages is mandatory rather than discretionary."). Thus, the Fourth Circuit and Congress have made clear that prejudgment interest must be awarded to a prevailing plaintiff in these circumstances. Specifically, the FMLA requires that prejudgment interest be awarded at the "prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). Although courts have varied in their determinations of the prevailing rate, the IRS prime rate of 3.25%, compounded annually, is sufficient to compensate plaintiff. *See Lusk v. Virginia Panel Corp.*, 2014 WL 3900325, * (W.D. Va. Aug. 11, 2014) (awarding prejudgment interest in an FMLA case at the IRS prime rate).

Final judgment shall issue.

T. S. Ellis, III
United States District Judge